UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LILLIAN KLINE | * | CIVIL ACTION No. 2:23-cv-00630 |
|     Plaintiff | * | |
| | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | |
| USAA GENERAL INDEMNITY | * | MAGISTRATE: |
| COMPANY | * | |
|     Defendant | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**USAA GENERAL INDEMNITY COMPANY'S
ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant, USAA General Indemnity Company ("USAA GIC") respectfully submits this answer, affirmative defenses, and demand for jury trial in response to Plaintiff, Lillian Kline's ("Plaintiff"), Petition for Damages ("Petition").

**AFFIRMATIVE DEFENSES**

USAA GIC asserts the following affirmative defenses to each and every allegation contained in Plaintiff's Petition:

**FIRST DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to mitigate damages.

**SECOND DEFENSE**

The homeowners insurance policy issued to Plaintiff (policy number GIC 02528 02 26 91A) excludes coverage for damage caused by wear and tear and deterioration, inherent vice, latent defect, or mechanical breakdown, and seepage or leakage of water, among other causes:

    **SECTION I – LOSSES WE DO NOT COVER UNDER DWELLING
    PROTECTION AND OTHER STRUCTURES PROTECTION**

    **1.** Unless otherwise stated in 3. below we do not insure for damage

consisting of or caused directly or indirectly by any of the following, regardless of:
(i) The cause of the excluded event or damage that; **or**
(ii) Other causes of the loss that; or
(iii) Whether the event or damage occurs suddenly or gradually, involved isolated or widespread damage, or occurs as a result of any combination of these to; or
(iv) Whether other causes or events act concurrently or in any sequence with the excluded event to produce the loss.
. . .
e. Constant or repeated seepage or leakage of water or steam over a period of 14 days or more from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or from within a household appliance;

f. Wear and tear, marring, deterioration;

g. latent defect, inherent defect, inherent vice or any quality of the property that causes it to damage or destroy itself;
. . .
k. Settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs, or ceilings.

These exclusions may bar coverage for all or some of Plaintiff's claims.

### THIRD DEFENSE

The homeowners insurance policy issued to Plaintiff (policy number GIC 02528 02 26 91A) contains the following water damage exclusion:

**LOSSES WE DO NOT COVER UNDER DWELLING PROTECTION, OTHER STRUCTURES PROTECTION AND PERSONAL PROPERTY PROTECTION**

**1.** We do not insure for damage consisting of or caused directly or indirectly by any of the following, regardless of:
(i) The cause of the excluded event or damage that; or
(ii) Other causes of the loss that; or
(iii) Whether the event or damage occurs suddenly or gradually, involved isolated or widespread damage, or occurs as a result of any combination of these to; or
(iv) Whether other causes or events act concurrently or in any sequence with the excluded event to produce the loss.

> . . .
> c. **Water Damage** arising from, caused by, or resulting from human or animal forces, any act of nature, or any other source. Water damage means damage caused by or consisting of:
>
> (1) Flood, surface water, waves, tidal water, storm surge . . . whether or not driven by wind . . .

This water damage exclusion may bar coverage for all or some of Plaintiff's claims.

## FOURTH DEFENSE

The homeowners insurance policy issued to Plaintiff (policy number GIC 02528 02 26 91A) contains the following earth movement exclusion:

> **LOSSES WE DO NOT COVER UNDER DWELLING PROTECTION, OTHER STRUCTURES PROTECTION AND PERSONAL PROPERTY PROTECTION**
>
> **1.** We do not insure for damage consisting of or caused directly or indirectly by any of the following, regardless of:
>     (i)    The cause of the excluded event or damage that; or
>     (ii)    Other causes of the loss that; or
>     (iii)    Whether the event or damage occurs suddenly or gradually, involved isolated or widespread damage, or occurs as a result of any combination of these to; or
>     (iv)    Whether other causes or events act concurrently or in any sequence with the excluded event to
> produce the loss.
> . . .
> b. **Earth Movement** arising from or caused by, or resulting from human or animal forces, any act of nature, meaning:
> . . .
>     (3) Subsidence, sinkhole, erosion or movement resulting from improper compaction, site selection or any external forces;
>     (4) Earth sinking, rising or shifting, expanding or contracting of earth, all whether combined with water or not . . .

This damage exclusion may bar coverage for all or some of Plaintiff's claims.

## FIFTH DEFENSE

The homeowners insurance policy issued to Plaintiff (policy number GIC 02528 02 26 91A) contains the following earth movement exclusion:

**LOSSES WE DO NOT COVER UNDER DWELLING PROTECTION, OTHER STRUCTURES PROTECTION AND PERSONAL PROPERTY PROTECTION**

2. We do not insure for loss caused by any of the following. However, any ensuing loss to property described in Dwelling Protection and Other Structures Protection not precluded by any other provision in this policy covered.

   a. **Weather Conditions** which includes but is not limited to hear, cold, humidity, rain, ice, snow, sleet wind, hail or drought. However, this exclusion only applies if weather conditions contribute in any way with a cause of event excluded in LOSSES WE DO NOT COVER UNDER DWELLING PROTECTION AND OTHER STRUCTURES PROTECTION.

This damage exclusion may bar coverage for all or some of Plaintiff's claims.

### SIXTH DEFENSE

The homeowners insurance policy issued to Plaintiff (policy number GIC 02528 02 26 91A) imposes upon Plaintiff certain duties after an alleged loss, including the following:

**SECTION I – CONDITIONS**
. . .
**2. Your Duties After Loss.** In case of a loss to which this insurance may apply, you must see that the following are done:
a. Promptly notify us or our agent about the loss;
. . .
d. (1) Protect the property from further damage;
   (2) Make reasonable and necessary repairs to protect the property; and
   (3) Keep an accurate record of repair expenses;
e. Cooperate with us in the investigation of a claim;
. . .
f. At our request prepare an inventory of claimed personal property showing the quantity, description, age, replacement cost and amount of loss. Include with the inventory all bills, receipts and related documents that support the items listed and substantiate the figures shown in the inventory;
g. As often as we reasonably require:
(1) Show the damaged property;
(2) Provide us with records and documents we request and permit us to make copies . . .

Plaintiff's claims may be barred in whole, or in part, by a failure to perform the duties required under the insurance contract.

**SEVENTH DEFENSE**

The homeowners insurance policy issued to Plaintiff (policy number GIC 02528 02 26 91A) contains the following Loss of Use coverages:

> **SECTION I – PROPERTY WE COVER**
> . . .
> **COVERAGE D – Loss of Use Protection**
> The amount of insurance for Loss of Use shown on the Declarations is the total limit for the coverages that follow.
>
> 1. Additional Living Expense. If a loss covered under Section – I – LOSSES WE COVER makes that part of the "residence premises" where you reside uninhabitable, we cover the reasonable and necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living.
> . . .
> However, if a loss covered under Section I – LOSSES WE COVER results from an event which is assigned a Property Claims Service (PCS) catastrophe code, payment will be for the shortest time required to repair or replace the damage or if you permanently relocate, the shortest time required for your household to settle elsewhere, in either event not to exceed 24 months. This extension does not increase the amount of insurance provided under Loss of Use Protection.

This policy provision may limit some of Plaintiff's loss of use claims.

**EIGHTH DEFENSE**

The homeowners insurance policy issued to Plaintiff (policy number GIC 02528 02 26 91A) contains the following exclusion:

> **LOSSES WE DO NOT COVER UNDER DWELLING PROTECTION, OTHER STRUCTURES PROTECTION AND PERSONAL PROPERTY PROTECTION**
>
> 1. We do not insure for loss caused for damage consisting of or caused directly or indirectly by any of the following regardless of:
> i. "Fungus", Wet or Dry Rot or Bacteria. We also do not cover:
>    (1) Any loss of use or delay in rebuilding, repairing or replacing covered property at the "residence premises" including any associated cost or expense due to "fungus", wet or dry rot;
>    (2) Any remediation of "fungus" or wet or dry rot, including the cost to:
>        a. Remove the "fungus", wet or dry rot from covered property or to repair, restore or replace that property; or
>        b. Tear out and replace the building, any part of the building or

other property as needed to gain access to the "fungus", wet or dry rot; or

### NINTH DEFENSE

USAA GIC denies that it breached any statutory duties to Plaintiff; however, should Plaintiff establish a violation of statutory duties, Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

### TENTH DEFENSE

Plaintiff has no right to recover penalties, attorneys' fees, and/or costs.

### ELEVENTH DEFENSE

Plaintiff has failed to state facts sufficient to give rise to a claim against USAA GIC for penalties.

### TWELFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of unclean hands, waiver, payment, estoppel, and/or set-off.

### THIRTEENTH DEFENSE

USAA GIC denies that it acted arbitrarily, capriciously, or in bad faith. USAA GIC further avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutory law.

### FOURTEENTH DEFENSE

To the extent the Plaintiff did not comply with all conditions precedent in the Policy, recovery may be barred or limited.

### FIFTEENTH DEFENSE

USAA GIC gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to

amend this response to assert any such defense.

**ANSWER**

USAA GIC responds to the specific allegations in Plaintiff's Petition as follows:

[FIRST UNNUMBERED PARAGRAPH]

USAA GIC admits that the Plaintiff is the full age of majority but denies the remaining allegations in this first unnumbered paragraph for lack of sufficient information to justify a belief therein.

I.

Answering Paragraph I of Plaintiff's Petition, USAA GIC admits that it is a foreign insurer, doing business in the State of Louisiana. USAA GIC denies any remaining allegations.

II.

USAA GIC denies the allegations in Paragraph II of Plaintiff's Petition for lack of sufficient information to justify a belief therein.

III.

In response to the allegations of Paragraph III of the Petition, USAA GIC admits that on or about August 29, 2021, Hurricane Ida caused damage to Plaintiff's property. USAA GIC denies all remaining allegations for lack of sufficient information to justify a belief therein.

IV.

USAA GIC admits that it issued a homeowners policy no. GIC 02528022691A. USAA GIC otherwise denies the allegations of Paragraph IV of the Petition and states that the policy is the best evidence of its terms, conditions, and other contents.

V.

USAA GIC admits that on or about August 5, 2022, Plaintiff submitted an estimate prepared by CCRS, LLC totaling $206,677.14. The estimate and demand were submitted without a sworn proof of loss, which was not received by USAA GIC until August 16, 2022. USAA GIC denies all remaining allegations for lack of information sufficient to justify a belief therein.

VI.

USAA GIC admits that Curtis Gillard and independent adjuster Jiadai Qotob reinspected the property on or about September 8, 2022. USAA GIC denies that the reinspection resulted in $286,416.75 in structural damages to the home as a result of Hurricane Ida. In further answering, USAA GIC maintains that the PA estimate includes repairs in areas that did not show any signs of storm-related damage. USAA GIC denies all remaining allegations in Paragraph VI of the Petition.

VII.

USAA GIC denies the allegations in Paragraph VII of the Petition.

VIII.

USAA GIC denies the allegations contained in Paragraph VIII, including subparts (1-3), of the Petition. In further answering, USAA GIC maintains it did not breach La. R.S. §22:1892 and/or La. R.S. §22:1973.

IX.

USAA GIC denies the allegations contained in Paragraph IX, including subparts (1-5), of the Petition.

X.

USAA GIC denies the allegations contained in Paragraph X of the Petition. In further answering, USAA GIC maintains it did not breach La. R.S. §22:1892 and/or La. R.S. §22:1973.

PRAYER FOR RELIEF

To the extent a response is required, USAA GIC denies the allegations contained in the Petition's unnumbered Prayer for Relief. Plaintiff is not entitled to the relief sought.

**DEMAND FOR JURY TRIAL**

USAA GIC asserts its right to a jury trial on all issues herein.

Defendant, USAA General Indemnity Company, prays that its Answer, Affirmative Defenses, and Jury Demand be deemed good and sufficient, and that after due proceedings, this Court renders judgment in its favor, with all costs and fees assessed against Plaintiff, Laura Kline.

Respectfully submitted,

/s/ *Theresa C. Phillips*
H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
Theresa C. Phillips, 36622
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 1800
New Orleans, LA 70163
Telephone: 504-322-7070
Facsimile: 504-322-7520
mpipes@pipesmiles.com
smiles@pipesmiles.com
tphillips@pipesmiles.com

*Counsel for Defendant, USAA General Indemnity Company*